*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PRO-LINE PHYSICAL THERAPY,

        Plaintiff-Appellee,

v

MEEMIC INSURANCE COMPANY,

        Defendant-Appellant.

UNPUBLISHED
June 27, 2024

No. 363421
Wayne Circuit Court
LC No. 22-003428-NF

Before: MARKEY, P.J., and SWARTZLE and MARIANI, JJ.

PER CURIAM.

Defendant, Meemic Insurance Company, appeals by leave granted the trial court's order denying its motion for summary disposition under MCR 2.116(C)(4), (8), and (10). We affirm.

Meemic issued a no-fault automobile insurance policy to its insured, Willie Smith, who was injured in an automobile accident on February 15, 2021. Plaintiff, Pro-Line Physical Therapy, provided physical therapy services to Smith as treatment for his auto-related injuries. Meemic initially paid personal protection insurance (PIP) benefits to compensate Pro-Line for the rendered services, but it discontinued paying benefits after conducting a utilization review of Pro-Line's services under MCL 500.3157a. Pro-Line subsequently brought this healthcare-provider action under MCL 500.3112 for the recovery of unpaid PIP benefits.

Meemic moved for summary disposition, arguing that the trial court lacked subject-matter jurisdiction over Pro-Line's suit because Pro-Line failed to exhaust its administrative remedies by not appealing Meemic's utilization-review decision to the Department of Insurance and Financial Services (DIFS) before bringing the instant action. The trial court denied Meemic's motion. This Court granted Meemic's application for leave to appeal. *Pro-Line Physical Therapy v Meemic Ins Co*, unpublished order of the Court of Appeals, entered March 29, 2023 (Docket No. 363421).

This dispute regards the interplay between and construction of MCL 500.3112 and MCL 500.3157a, as amended by the sweeping changes to the no-fault act, MCL 500.3101 *et seq.*, under 2019 PA 21. MCL 500.3112 permits a healthcare provider to "make a claim and assert a direct cause of action against an insurer . . . to recover overdue [PIP] benefits payable for charges for products, services, or accommodations provided to an injured person." MCL 500.3157a authorizes

-1-

an insurer to conduct a "utilization review" to determine whether a provider's services, treatments, products, or accommodations are medically appropriate for an insured patient. "Utilization review" is defined as "the initial evaluation by an insurer . . . of the appropriateness in terms of both the level and the quality of treatment, products, services, or accommodations . . . based on medically accepted standards." MCL 500.3157a(6).[1] MCL 500.3157a(5) provides:

> If an insurer or the association created under section 3104 determines that a physician, hospital, clinic, or other person overutilized or otherwise rendered or ordered inappropriate treatment, products, services, or accommodations, or that the cost of the treatment, products, services, or accommodations was inappropriate under this chapter, the physician, hospital, clinic, or other person *may appeal* the determination to the department under the procedures provided under subsection (3). [Emphasis added.[2]]

The issue presented in this case is whether a healthcare provider is required to administratively appeal an adverse utilization-review decision to the DIFS under MCL 500.3157a(5) before bringing an action in circuit court for the recovery of PIP benefits under MCL 500.3112. As will be cited and discussed below, this Court has now issued binding precedent answering the question in favor of Pro-Line, i.e., a healthcare provider need not file an administrative appeal with the DIFS before filing suit in court, and our Supreme Court

---

[1] MCL 500.3157a(1)(a) states that a healthcare provider "is considered to have agreed" that it will "[s]ubmit necessary records and other information concerning treatment, products, services, or accommodations provided for utilization review under this section." Additionally, the provider "is considered to have agreed" to "[c]omply with any decision of the department under this section." MCL 500.3157a(1)(b). The DIFS is required to promulgate rules under the Administrative Procedures Act, MCL 24.201 *et seq.*, so as to "[e]stablish criteria or standards for utilization review that identify utilization of treatment . . . above the usual range of utilization for the treatment . . . based on medically accepted standards." MCL 500.3157a(3)(a). The DIFS is also required to "[p]rovide procedures related to utilization review, including procedures for . . . [a]ppealing determinations." MCL 500.3157a(3)(b)(*iii*). If the insurer finds that the provider's treatments "are longer in duration than, are more frequent than, or extend over a greater number of days than the treatment . . . usually require[s] for the diagnosis or condition for which the patient is being treated, the insurer . . . may require" the provider "to explain the necessity or indication for the treatment . . . in writing under the procedures provided under subsection (3)." MCL 500.3157a(4). Mich Admin Code, R 500.61-500.69, prescribe procedures for utilization reviews.

[2] Appeals to the DIFS are governed by Rule 500.65(1), which states that "[a] provider *may* appeal a determination made by an insurer or the association. The appeal must be filed within 90 days of the date of the disputed determination and must be made on a form prescribed by the department." (Emphasis added.)

subsequently and recently denied leave after first entertaining oral argument on an application for leave in the case.

In *True Care Physical Therapy, PLLC v Auto Club Group Ins Co*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 362094); slip op at 11, this Court held that "the administrative appeal provided by MCL 500.3157a(5) . . . [is] permissive, not mandatory," and therefore, a healthcare provider may "file suit under MCL 500.3112 without exhausting the permissive, nonexclusive administrative appeal." Accordingly, the trial court had subject-matter jurisdiction in *True Care*. *Id.*[3]

In *True Care*, the plaintiff physical-therapy facility provided ongoing services to the injured insured over a nearly two-year period. *Id.* at ___; slip op at 1. The defendant no-fault insurer discontinued paying for the treatments after it conducted a utilization review. *Id.* at ___; slip op at 2. "The utilization review concluded that True Care's treatment exceeded the American College of Occupational and Environmental Medicine (ACOEM) guidelines' recommendations for the frequency and duration of treatment for injuries like" those suffered by the insured. *Id.* The defendant issued explanation-of-benefit statements to the plaintiff, indicating that the plaintiff could submit an appeal to the DIFS pursuant to Mich Admin Code, R 500.65, but the plaintiff did not appeal the utilization-review decision. *Id.* The plaintiff instead filed a complaint against the defendant in circuit court, alleging that the defendant breached its contractual obligation to pay PIP benefits for the insured's treatment. *Id.* The *True Care* panel summarized the circuit court proceedings as follows:

> All of Auto Club's arguments stemmed from its core position that MCL 500.3157a of the no-fault act and Rule 500.65 of the Michigan Administrative Code required True Care to appeal to the DIFS before filing suit.
>
> True Care responded, arguing that it had a valid enforceable assignment of PIP benefits from [the insured], and that MCL 500.3112 of the no-fault act explicitly granted it the right to pursue a direct cause of action against the insurer in the trial court. An administrative appeal to the DIFS was not mandatory, True Care insisted, and that if it were, that rule would conflict with other portions of the no-fault act, including MCL 500.3112, 500.3142, and 500.3145. [*Id.* at ___; slip op at 2-3.]

This Court ruled that "the unambiguous language of MCL 500.3157a(5), its related regulations, and MCL 500.3112 compel a conclusion that the administrative appeal provided under MCL 500.3157(a)(5) and Rule 500.65 is permissive, not mandatory." *Id.* at ___; slip op at 6. The panel explained that the language in MCL 500.3157a(5) and Rule 500.65 stating that a provider "may appeal" a determination to the DIFS indicated "that both the Legislature and the DIFS

---

[3] The issue in dispute does concern subject-matter jurisdiction, thereby implicating MCR 2.116(C)(4), and we review de novo a trial court's jurisdictional ruling under MCR 2.116(C)(4), issues of statutory construction, and decisions on summary disposition motions. *Id.* at ___; slip op at 4.

intended subsection 3157a(5) and Rule 500.65 to provide an alternative and discretionary way to appeal a utilization review determination to the DIFS, not an exclusive or mandatory method for challenging denial of benefits." *Id.* at ___; slip op at 7. The Court rejected the defendant's argument that "may" should be construed as "shall" or "must." *Id.* at ___; slip op at 7-8. This Court further ruled that "the Legislature did not use language expressing an intent to grant the DIFS exclusive jurisdiction"; rather, MCL 500.3112 explicitly affords providers with an unqualified cause of action that is not preconditioned on an administrative appeal. *Id.* at ___; slip op at 10. Accordingly, the plaintiff "remained free to pursue its action in circuit court without exhausting this permissive administrative process." *Id.*

The instant case is not materially distinguishable from *True Care*. This Court's analysis and holding in *True Care* are equally applicable to the case at bar and compel us to conclude that the appeal procedure in MCL 500.3157a(5) is voluntary and not mandatory. None of Meemic's statutory arguments to the contrary overcome the ruling in *True Care*, which is binding precedent. MCR 7.215(J)(1). Moreover, although our Supreme Court granted and heard oral argument on the application for leave filed in *True Care*, 513 Mich 872 (2023), it ultimately decided to deny leave, 4 NW3d 745 (2024).

In sum, MCL 500.3157a(5) does not deprive a circuit court of jurisdiction to entertain a healthcare provider's action for the recovery of PIP benefits under MCL 500.3112 if the provider did not pursue an administrative appeal of an adverse utilization-review decision. Meemic does not otherwise make any arguments supporting summary disposition under MCR 2.116(C)(8) or (10). We hold that the trial court has subject-matter jurisdiction and did not err by denying Meemic's motion for summary disposition.

We affirm. Pro-Line may tax costs under MCR 7.219.

/s/ Jane E. Markey
/s/ Brock A. Swartzle
/s/ Philip P. Mariani